UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-cr-0006-KJM |
| Plaintiff, | |
| v. | ORDER |
| JOSE ELFEGO GUTIERREZ-GOMEZ, | |
| Defendant. | |

Defendant Jose Elfego Gutierrez-Gomez moves for release pending appeal under 18 U.S.C. § 3143(b). Having considered the parties' briefing and having submitted the matter on the papers, the court DENIES defendant's motion for bail pending appeal.

I.   BACKGROUND

On January 10, 2019, a federal grand jury returned an indictment charging defendant with one count of being a deported alien found in the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). ECF No. 10. On August 1, 2019, after a three-day jury trial, the jury found defendant guilty of that sole charge. At the October 21, 2019 sentencing hearing, the court rejected defendant's request for a two-level reduction in offense level based on acceptance of responsibility and ultimately sentenced the defendant to 24 months imprisonment, also imposing the mandatory $100.00 special assessment. *See generally* Judgment & Sentencing ("J&S") Tr., ECF No. 80. The court did not impose a term of supervised release in light of the

1

immigration hold placed against defendant, which rendered him deportable upon completion of his custodial sentence. *Id.* On October 22, 2019, defendant appealed, arguing the court erred in denying defendant acceptance of responsibility credit and also erred in declining to provide defendant's jury instruction requested at trial. Not. of Appeal, ECF No. 75.

On April 13, 2020, defendant moved for release pending appeal under 18 U.S.C. § 3143(b). Mot., ECF No. 85. He argues (1) that novel issues raised on appeal compel his release, and (2) the need for release is exacerbated by the threat imposed by the COVID-19 pandemic. *Id.* at 4–6. The government opposes the motion, Opp'n, ECF No. 87, and defendant has filed a reply, Reply, ECF No. 88.[1]

For the reasons set forth below, the motion is denied.

II. LEGAL STANDARD

Under 18 U.S.C. § 3143(b), a defendant found guilty of an offense and sentenced to a term of imprisonment must be detained during the pendency of appeal unless the court finds the defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released" and, as applicable here, "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . (i) reversal, . . . [or] (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(A)–(B)(i), (iv). If the court makes such a finding under subsection (B)(iv), it must "order the detention terminated at the expiration of the likely reduced sentence." *Id.* § 3143(b)(1). "A 'substantial question' is one that is 'fairly debatable,' or 'fairly doubtful.'" *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations omitted). In other words, "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *Id.* (citation omitted). Defendant bears the burden of showing he has raised a "'fairly debatable" issue on appeal. *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

---

[1] The court notes the government's May 4, 2020 sur-reply, ECF No. 90; however, the filing is unauthorized and therefore disregarded.

2

III.     DISCUSSION

Defendant's motion must be denied because he (1) fails to show he is not a flight risk or danger to the community under § 3143(b)(1)(A), and (2) fails to raise a "substantial question" on appeal.

A.     Flight and Danger Requirements Under § 3143(b)(1)(A)

First, defendant fails to meet the threshold requirement of showing by clear and convincing evidence he is "not likely" to flee or pose a danger to others as required by § 3143(b)(1)(A).  *See United States v. Garcia*, 340 F.3d 1013, 1021 n.6 (9th Cir. 2003) (noting defendant bears burden of satisfying threshold requirements of § 3143(b)(1)(A) by clear and convincing evidence).

Here, defendant only tangentially addresses this requirement, with little argument, by mentioning defendant's pretrial release history in his recitation of the facts and procedural history of the case. Mot. at 1–3.  On reply defendant argues it is conclusive that the government provides no argument on this score in its opposition.  *See* Reply at 1.  That the government does not address the issue does not relieve defendant of his burden to show by clear and convincing evidence he does not pose a flight risk or danger to the community.  To satisfy this burden he must present salient facts for the court's consideration, which he has not done.  *See Ramos v. Sessions*, 293 F. Supp. 3d 1021, 1030 (N.D. Cal. 2018) ("The clear and convincing evidence standard is a high burden and must be demonstrated in fact." (quotation omitted)).  Thus, there is nothing in the record to suggest a different conclusion than the court reached at the conclusion of trial, to detain defendant pending sentencing.  *See* Aug. 1, 2019 Tr. Min., ECF No. 61.  The court's decision at that time was based on 18 U.S.C. § 3143(a)(1), which incorporates the same clear and convincing standard prescribed by § 3143(b)(1)(A).  If anything, the risk of defendant's flight -- or at least the risk he will not appear before the court as required -- is enhanced at this point given that his conviction itself makes him immediately subject to deportation proceedings. *See Planes v. Holder*, 652 F.3d 991, 996 (9th Cir. 2011) (definition of "conviction" under 8 U.S.C. § 1101(a)(48)(A) "requires only that the trial court enter a formal judgment of guilt, without any requirement that all direct appeals be exhausted or waived").

Defendant's motion is denied for failure to satisfy the threshold requirements of § 3143(b)(1)(A).

B.  Substantial Question Requirement Under § 3143(b)(1)(B)

Even if defendant did satisfy the requirements of § 3143(b)(1)(A), he does not "raise[] a substantial question of law or fact" on appeal.

Defendant's motion itself provides no argument or detail whatsoever explaining why the court's refusal to apply acceptance of responsibility credits at sentencing or give defendant's requested jury instruction amount to a "substantial legal question" under § 3143(b)(1)(B). Only on reply does defendant argue for the first time that he has provided meaningful argument because he attached to his motion his opening appellate brief arguing questions raised on appeal. Reply at 2. While the defense position is not particularly helpful to this court in answering the questions before it, the court nonetheless considers the merits of his argument.

Distilled to its essence, defendant appears to argue that questions of first impression satisfy the "substantial question" requirement of § 3143(b)(1)(B). The first question, derived from defendant's appellate brief, is whether the court violated defendant's Sixth Amendment right to trial by refusing to credit defendant's acceptance of responsibility based on his decision to go to trial. *See* Mot., Ex. A, ECF No. 85-1, at 11. Second, defendant contends the standard Ninth Circuit model jury instruction adopted by the court, containing the phrase "reasonably near," raises an issue of first impression because it "does not include all the legal interpretations of that phrase in the context of the variance between an indictment date and the proof date." *Id.* at 5. Finally, in his reply before this court, defendant also argues that U.S.S.G. § 3E1.1 Application Note 5 is invalid because it impermissibly creates a standard of appellate review. Reply at 3.

Whether denying defendant sentencing credit for acceptance of responsibility amounts to punishing him for exercising his Sixth Amendment right to trial does not amount to a "substantial question" for purposes of release on appeal. In *Handy*, the court clarified that the "'substantial question' test is stricter than the 'not frivolous' test, such that an appeal that is 'not

4

frivolous' does not necessarily render it a substantial question." *U.S.A. v. Wallace*, No. CR 13-00264-SJO-3, 2016 WL 9137630, at *3 (C.D. Cal. Jan. 19, 2016) (quoting *Handy*, 761 F.2d at 1281 n.1). As the government correctly notes, the court acted well within the provisions of U.S.S.G. § 3E1.1(a) when it denied defendant acceptance of responsibility credit in its guidelines calculation at the time of sentencing. *See* Opp'n at 7. The court carefully explained how its decision was not based on defendant's election to go to trial; rather, the court's determination was guided by the well-established factors set out in § 3E1.1 Application Note 1. *See* J&S Tr. 26:2–27:24 (noting, for example, "that a defendant should not be deprived of acceptance of responsibility credit because the defendant went to trial," while still "looking at the factors that apply based on 3E1.1"). It may be that defendant raises novel questions on appeal regarding the tension between the Sixth Amendment trial right and a criminal defendant's ability to receive credit for acceptance of responsibility, as contemplated by § 3E1.1 Application Note 2. But a novel question is not necessarily the same as the "substantial question" contemplated by § 3143(b)(1)(B).

        Defendant's second question on appeal, challenging the propriety of the court's jury instruction regarding the phrase "reasonably near," also fails to satisfy the "substantial question" requirement. In formulating jury instructions, a "trial court has substantial latitude so long as its instructions fairly and adequately cover the issues presented." *United States v. Frega*, 179 F.3d 793, 807 n.16 (9th Cir. 1999). The court "need not define common terms that are readily understandable by the jury." *United States v. Hicks*, 217 F.3d 1038, 1045 (9th Cir. 2000). Moreover, use of an undefined common term will suffice so long as it leaves "ample room for the defense to proffer its theory of the case." *Hicks*, 217 F.3d at 1046; *see United States v. Henry,* 695 F. App'x 213, 214 (9th Cir. 2017) (finding no error in trial court's refusal to further define "when a crime is 'complete' . . . because the court's given instructions were sufficient to allow [defendant] to argue that his co-defendants had completed the crime before [he] acted").

        Here, defendant provides no argument explaining why the court's declining to define in detail the term "reasonably near" foreclosed his ability to proffer his theory of the case. Rather, it appears a term left broadly defined provided greater latitude to the defense to pursue a

5

chosen legal theory rather constraining the defense.  This is particularly so where "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).  Defendant's moving papers provide no argument to the contrary.  Defendant's second issue on appeal also does not raise a "substantial question" here.

Finally, defendant's contention that U.S.S.G. § 3E1.1 Application Note 5 is invalid because it impermissibly creates a standard of appellate review provides no support for defendant's motion for release directed to this court.  Although defendant's opening appellate brief asserts this position in the "standard of review" section of his brief, the issue is not one of the two issues presented for appellate review.  *See* Mot., Ex. A at 11.  Thus, it is unclear this contention is properly framed for the appellate court's review.  In any event, resolution of this question has no bearing on the degree to which this court relied on the factors set forth in § 3E1.1 Application Note 1 in declining to credit defendant with accepting responsibility under the sentencing guidelines.  The potential invalidity of U.S.S.G. § 3E1.1 Application Note 5 does not amount to a "substantial question."

C. Effect of COVID-19 Pandemic

Defendant also argues that because of the COVID-19 pandemic generally, "a resentencing would be highly likely to result in a lower sentence which could be time served by September 2020."  This assertion assumes a "likely" result as provided for by statute, namely "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  18 U.S.C. § 3143(b)(1)(B)(iv).  While the court is sympathetic to the issues raised by COVID-19's spread throughout certain federal correctional facilities, COVID-19 does not have any bearing on the court's determination here that defendant fails to meet the threshold requirements under § 3143(b)(1)(A) and (B).  Moreover, defendant does not make any argument that he has particularized health risks in the face of COVID-19, or move for compassionate release.

///

///

6

IV.     CONCLUSION

        For the reasons set forth above, defendant's motion for release pending appeal is DENIED.

        IT IS SO ORDERED.

DATED:  May 19, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE